9972

PARNELL ET AL. v. SAXE-GOTHA MILLS.

(96 S. E. 187.)

1. LANDLOAD AND TENANT—INJURIES TO TENANT—UNSAFE CONDITION OF BUILDING—PROXIMATE CAUSE—"REPAIR."—Landlord's breach of contract to furnish materials wherewith tenant was to repair defective foundation of the rented premises is not a contract to "repair," and does not render landlord liable for an injury to tenant resulting from the defective foundation; the breach not being the proximate cause of the injury.

2. LANDLORD AND TENANT—INJURIES TO TENANT—DEFECTIVE CONDITION OF BUILDING—AGREEMENT TO REPAIR.—If landlord agrees to repair defective foundation of rented premises and fails to do so, he is liable for an injury to tenant resulting from such defect.

24—109.

Before SMITH, J., Summer term, 1917. Reversed.

Action by Mary A. Parnell and husband against the Saxe-Gotha Mills. From an order overruling demurrer to complaint, defendant appeals.

*Messrs. C. M. Efird, Wm. Elliott* and *Jas. H. Fowles,* for appellant *Messrs. Elliott* and *Fowles* cite: *As to whether or not damages for personal injuries are recoverable on account of the breach of a covenant on the part of a landlord to repair:* 32 S. C. 590; 8 Ind. App. 615; 52 Am. St. Rep. 485; 35 N. E. 48; 140 Ind. 45; 39 N. E. 516; 13 Jones and S. 250; 21 Misc. 470; N. Y. Supp. 636; 145 Mass. 169; 13 N. E. 465; Jones on Landlord and Tenant, sec. 592; 168 Mo. App. 414; 151 S. W. 790; 48 L. R. A. (N. S.) 920; 77 Misc. 147; 136 N. Y. Supp. 364; 28 Ind. App. 578; 34 L. R. A. (N. S.) 805; 28 Ann. Cas. 975; 23 N. Y. S. 114; Am. & Eng. Encycl. Law, vol. XVIII, 234; 73 Ill. App. 432; 36 Ark. 316; 8 Ind. App. 615; 145 Mass. 169; 50 N. Y. Super. Ct. 74; 36 Hun. (N. Y.) 174; 1 City Ct. Supp. (N. Y.) 94; 5 Misc. (N. Y.) 1; 26 N. Y. App. 210; 21 Misc. (N. Y.) 470; 171 Mass. 127; Am. & Eng. Encyc. Law, vol. XVIII, p. 233; 14 Rich. Eq. 131; 9 Excheq. R. 161; 60 L. R. A. 581; 95 Minn. 47, and *Syllabus;* 11 L. R. A. (N. S.) 507 (note); 95 Minn. 474; 67 Minn. 494; 130 Mo. App. 618; 69 Fed. Rep. 518; 76 Tex. 191; 22 Ky. Law Rep. 785; 11 L. R. A. (N. S.) 507; 87 Pac. 1089; 82 N. E. 708; 13 L. R. A. (N. S.) 378; 73 Ill. App. 432; 8 Ill. App. 378; 15 Ill. App. 404; 73 Ill. App. 432; 93 Ill. App. 365; Jones on Landlord and Tenant, section 410; Wood on Landlord and Tenant, sec. 380; Southland on Damages, vol. III, sections 872 and 873; Sedgwick on Measure of Damages, side page 198.

*Messrs. W. Hampton Cobb* and *Blackwell & Thomas,* for respondents, cite: 51 Misc. (N. Y. 611); 101 N. Y. 249; 32 S. C. 589.

May 20, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages. · The complaint alleges:

, "III. That in January, 1916, the plaintiff, M. G. Parnell, entered into a contract with defendant, whereby he agreed to work for it in its mill, which is located at Irene or Red Bank, in the county of Lexington, as above set forth.

"IV. That subsequent to entering into said contract, to wit, on or about January 31, 1916, he entered into negotiations with defendant for the purpose of renting from it a dwelling house in which he and his family might reside while so engaged; that he was informed by defendant that the only house it had available for such use was one which rested upon an insecure and unsafe foundation, in that the pillars or blocks supporting same were leaning at a considerable angle, the ground around them having been washed out so as to leave them in an insecure position to support the house; that there were no front steps to said house and it otherwise needed repairs, but that if he would take it defendant would immediately and forthwith furnish him with the necessary material and appliances to place said house in a safe and habitable condition; it being stipulated that said M. G. Parnell was to do the necessary work, upon such appliances and material being furnished him, and that for such work he was to receive credit on the rent of the house; that said M. G. Parnell thereupon agreed to accept said offer.

"V. That relying upon this agreement, the plaintiff, M. G. Parnell, moved his family into the house in question on or about February 4, 1916, it then being in the condition above set out, expecting to immediately receive from defendant the material and appliances promised by it to put the said house in a safe and habitable condition; that under no

other consideration or upon no other condition would he have moved his family into said house.

"VI. That from February 4, 1916, to March 22, 1916, plaintiff, M. G. Parnell, and his family (his wife, the plaintiff, Mary A. Parnell, being a member of his said family) resided in said house, it being throughout that period in the dangerous and unsafe condition above alleged, and despite the fact that he made continuous and repeated demands upon defendant for the material and appliances in question, it carelessly, negligently, wilfully and wantonly, and in utter and complete disregard of its agreement with him, failed to furnish him with same, though repeatedly promising to do so; that for this reason he was unable to remedy the condition of said house, he having no other means of obtaining the necessary material and appliances with which to do so; that plaintiff's continued residence in said house throughout the period in question was based upon the said repeated promises of defendant as above alleged.

"VII. That on the afternoon of March 22, 1916, at about 5:20 p. m., during an ordinary March mind of not unusual velocity, the said house was blown from its foundation to the ground; that at the time of the fall thereof the plaintiff, Mary A. Parnell, was in one of the front rooms; that by the fall of the house she was thrown across the room a distance of some 14 or 15 feet, struck her abdomen against a bureau and then fell backwards on the floor; that she was thereby seriously and permanently injured in the abdomen and on the right hip, and suffered and continues to suffer great pain and anguish from said injuries.

"VIII. That the direct and proximate cause of the fall of said house and of the resulting injury to the plaintiff, Mary A. Parnell, and without which same would not have occurred, was the dangerous and unsafe condition of said house, as alleged in the preceding paragraphs of this complaint."

The defendant demurred to the complaint on the ground (among others) that the complaint "does not allege any damages that are recoverable in an action for the breach of covenant on the part of the landlord to repair rented premises." The demurrer was overruled and this appeal is taken from this ruling, as well as alleged error in the trial of the cause. Inasmuch as this Court is of the opinion that the demurrer should have been sustained, because the damage alleged is not the necessary and proximate result of the breach of the contract alleged, no other questions arise.

The plaintiff alleges in paragraph VIII that the direct and proximate cause of the fall of the house and the resulting injury was the "dangerous and unsafe condition of said house." The plaintiff asked for the house, and was fully aware of its condition when he took it. The plaintiff secured the house on his own initiative and not that of the defendant.

Notwithstanding this direct statement of the proximate cause, the plaintiff relies upon a breach of the contract to repair. There is no allegation of a contract to repair. If there was any evidence to sustain a contract to repair, the question of liability for the breach of such a contract would arise, but the evidence shows no contract to repair. The plaintiff in his testimony says: "Q. What did he promise you? A. That if I would move in the house at once he would furnish the material and the jacks and a hand to help me jack the house and put pillars under it."

A contract to repair includes workmanship, as well as material. The best materials could not remedy the defect unless workmanship was also good. It was not a contract to repair. At best it was only a contract to furnish materials, the breach of which was not the proximate cause of the injury.

The order overruling the demurrer is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE GAGE dissents.